70 F.3d 1278
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred HOSNER, Plaintiff-Appellant,
v.
STATE of Arizona; Gordon Alley, Superior Court Judge;
Lawrence Flieschman, Superior Court Judge; City of Tucson;
David West; Whitehill, West, Rowland, Christofel &
Zickerman; Paul Rees, Defendants-Appellees.
 No. 95-15289.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 20, 1995.*
Decided Nov. 24, 1995.
 
 Before: PREGERSON, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fred Hosner appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for lack of federal subject matter jurisdiction. In his amended complaint, Hosner alleged that defendants engaged in a conspiracy to improperly transfer a worthless business and a lease for a structurally unsound building to Hosner. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm in part and vacate and remand in part.
 
 
 3
 The district court properly dismissed Hosner's action for lack of subject matter jurisdiction. The Eleventh Amendment barred Hosner's suit against the State of Arizona. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Hosner's claim against the City of Tuscon failed because Hosner failed to allege that the City had an official policy and custom of issuing improper certificates of occupancy. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). The Superior Court judges and the State Attorney General's Office were immune from section 1983 liability. See Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir.1986) (en banc); Imbler v. Pachtman, 424 U.S. 409, 431 (1976).
 
 
 4
 In dismissing Hosner's conspiracy claim, the district court found that Hosner failed to state a factual basis for his allegations of conspiracy. "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992); see also McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir.1992). Here, the district court never notified Hosner of the need to allege specific facts showing a conspiracy. McGuckin, 974 F.2d at 1055; Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982) (holding vague and conclusory allegations of a conspiracy insufficient to withstand a motion to dismiss). In light of Hosner's pro se status, the district court erred by dismissing Hosner's complaint without giving him an opportunity to amend his conspiracy claim. See McGuckin, 974 F.2d at 1055.
 
 
 5
 Each party shall bear its own costs on appeal.
 
 
 6
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3